UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                Criminal Case No. 18-20196
                   Honorable Linda V. Parker
JACQUES J. BROWN,

    Defendant/Petitioner.
_____/

**OPINION & ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 25)**

On May 1, 2018, Defendant Jacques Brown pleaded guilty pursuant to a Rule 11 plea agreement to one count of distributing a controlled substance in violation of 21 U.S.C. § 841. (ECF No. 19 at Pg. ID 51.) Defendant stipulated to his status as a career offender and that the applicable sentencing guideline range was 151 to 188 months' imprisonment. (*Id.* at Pg. ID 53, 62.)

The Rule 11 plea agreement further provides that there are no sentencing guideline disputes and that "[n]either party would take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets." (*Id.* at Pg. ID 53.) Defendant acknowledged under oath at the guilty plea hearing that he signed and reviewed the Rule 11 Agreement with his attorney and that the substance of the agreement placed on the record by the

1

government was the agreement negotiated on his behalf. (ECF No. 31 at Pg. ID 178-79.) In the Rule 11 Agreement, Defendant also acknowledged that he had a full and complete opportunity to confer with his lawyer, had all of his questions answered by his lawyer, and was satisfied with his attorney's advice and representation. (ECF No. 19 at Pg. ID 58.) At the sentencing hearing held on August 22, 2018, the Court varied below the applicable sentencing guideline range and sentenced Defendant to 132 months of custody in the Bureau of Prisons. (ECF No. 23.) Defendant did not appeal his sentence.

This matter is presently before the Court on Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 filed on August 19, 2019. (ECF No. 25.) The government responded on October 23 (ECF No. 32) and Defendant was ordered to file a reply brief by November 22 (ECF No. 29). The deadline came and went without Defendant filing a reply brief. On May 12 and June 5, 2020, Defendant filed letters with the Court requesting additional time to file a reply brief. (ECF Nos. 33, 34.) The Court granted Defendant's request and ordered the brief to be filed by July 31. (ECF No. 35.) Defendant failed to file the brief.

## LEGAL FRAMEWORK

A movant is entitled to relief under § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such

a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. In order to prevail as to alleged constitutional errors, a defendant must establish "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citation omitted). Where the defendant alleges a non-constitutional error, he must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id.* (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

## ANALYSIS

Defendant argues that he received ineffective assistance of counsel at his sentencing when counsel "failed to raise an obvious textual challenge to [his] attempt conviction being used as a career offender controlled substance offense." (ECF No. 25 at Pg. ID 151.) Defendant did not raise this claim on direct appeal, however, and has thus waived it.

"Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause

3

for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528. Cause sufficient to excuse default ordinarily consists of "some objective factor external to the defense" that prevented the defendant from raising the issue on direct appeal, "not . . . whether counsel erred[.]" *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

      Defendant might argue that his plea waiver effectively barred him from pursuing claims on direct appeal. The Sixth Circuit does not appear to have directly addressed whether a plea waiver could constitute good cause excusing procedural default. However, a defendant who knowingly and voluntarily pleads guilty may have difficulty demonstrating prejudice to satisfy the "cause and prejudice" exception or the "actual innocence" exception because a plea "serves as an admission that [the defendant] is not innocent of the crimes charged." *See Luster v. United States*, 168 F.3d 913, 915 (6th Cir. 1999). Moreover, judges in this Circuit have held that an appeal-waiver provision in a plea agreement does not provide good cause to excuse a defendant's procedural default. *United States v. Cooper*, No. 08-cv-20464, 2012 WL 12706, at *9 (E.D. Mich. Jan. 4, 2012) (Cook, J.); *Bryant v. United States*, No. 2:06-cv-210, 2007 WL 4376099, at *5 (E.D. Tenn. Dec. 13, 2007); *Owens v. United States*, No. 4:06-cv-123, 2007 WL 1041121, at *6 (W.D. Mich. Apr. 4, 2007).

4

Ultimately, Defendant does not make the showings required to excuse the procedural default of his ineffective assistance of counsel claim. The claim is thus barred.

## CONCLUSION

For the reasons set forth above, Defendant's arguments in support of his motion to vacate his sentence do not entitle him to relief. Defendant cannot appeal this decision unless he first obtains a certificate of appealability under 28 U.S.C. § 2253. *See* Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Governing § 2255 Cases 11(a).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) [his motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). The court is satisfied that jurists of reason would not find its ruling debatable. A certificate of appealability is therefore not warranted in this case.

Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate sentence (ECF No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

                                                  <u>s/ Linda V. Parker</u>
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: October 12, 2020