UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 18-cr-20196
                                          Honorable Linda V. Parker

JACQUES J. BROWN,

        Defendant.
_____/

## OPINION & ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 25) AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

On May 1, 2018, Defendant Jacques Brown pled guilty pursuant to a Rule 11 Plea Agreement to one count of distributing a controlled substance in violation of 21 U.S.C. § 841 (ECF No. 19), for which he subsequently was sentenced as a career offender to a term of imprisonment of 132 months (*See* ECF No. 23). The matter is now before the Court on Defendant's request for habeas relief under 28 U.S.C. § 2255. (ECF No. 25.) Defendant argues that his counsel was ineffective for failing to challenge his career offender designation as one of his prior convictions was for an "attempt" offense, which the Sixth Circuit held in *United States v. Havis*, 927 F.3d 382, 387 (2019), does not qualify as a "controlled substance offense" for purposes of the career offender guideline.

## Relevant Background

Defendant's conviction arose from the distribution of a purported controlled substance on two occasions to a confidential source working with the Drug Enforcement Agency. Defendant first provided the source with a free sample, which contained heroin and fentanyl on December 11, 2017. Defendant then sold the source $50 worth of purported heroin on March 9, 2018, which in fact was pure fentanyl. During this second distribution, Defendant was arrested. Based on these incidents, Defendant then was charged in an Indictment with two counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1).

According to the United States, Defendant first came to the attention of law enforcement on November 13, 2016, when members of the Flint Police Department responded to a 911 call about a motor vehicle accident and found a non-responsive driver at the scene, who subsequently was pronounced dead at the hospital. The cause of death was determined to be mixed drug toxicity, with fentanyl being the main cause. A review of the decedent's cell phone records showed that her last contact was with Defendant. In a text to the decedent, Defendant provided an address that was approximately a half mile from where the

victim was found. The DEA's subsequent investigation indicated that Defendant had supplied heroin to the victim in the past.

In the Rule 11 Plea Agreement eventually reached in this case, the United States agreed to not bring charges against Defendant based on the alleged November 2016 distribution of heroin and fentanyl to the decedent or to file a penalty enhancement based on the victim's death, in exchange for Defendant's agreement to plead guilty in this case to the first count of the Indictment. According to the United States, a penalty enhancement would have caused Defendant to face a statutory penalty of up to 30 years and his guideline range would have been 188 to 235 months. Had Defendant been charged and convicted of distribution causing death, he faced a potential statutory sentence of at least 20 years to life.

In the Rule 11 Plea Agreement, the parties also agreed to a guideline range of 151 to 188 months, based on Defendant's designation as a career offender, and that Defendant's sentence would not be less than 120 months. They further agreed not to take positions concerning the applicable guidelines which were different from the attached guideline worksheet, which also identified Defendant as a career offender.

Defendant now claims that his counsel was ineffective in not challenging the career offender designation because the guideline commentary expanded the text

3

of the guideline by stating that one of the two convictions which formed the basis for that status was for attempted delivery/manufacturing of a controlled substance. Without the career offender designation, Defendant's guideline range would have been 10 to 16 months.

## Applicable Law & Analysis

A movant is entitled to relief under § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.  In order to prevail as to alleged constitutional errors, a defendant must establish "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citation omitted).  Defendant claims ineffective assistance of counsel in violation of his Sixth Amendment rights.

To demonstrate ineffective assistance of counsel, Defendant "must establish two things." *Bullard v. United States*, 937 F.3d 634, 661 (6th Cir. 2019) (quoting *Monea v. United States*, 914 F.3d 414, 419 (6th Cir. 2019)).  "First, that [his] attorney's performance fell below 'prevailing professional norms.'" *Id*. (quoting *Monea*, 914 F.3d at 419) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381

4

(1986)). "And second, that the attorney's poor performance prejudiced [] [D]efendant's case." *Id*. (quoting *Monea*, 914 F.3d at 419). As to the second prong, Defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). This Court need only address the first prong to conclude that Defendant is not entitled to relief under § 2255.

This is because the Sixth Circuit squarely held in *Bullard* that, before *Havis*, counsel did not act unreasonably in failing to challenge a career offender designation based on an attempt crime. *Bullard*, 937 F.3d at 661-662. Prior to *Havis*, the court reasoned, Sixth Circuit caselaw was different, holding that an attempt offense did qualify as a controlled substance offense. *Id*. at 661 (citing *United States v. Evans*, 699 F.3d 858, 868 (6th Cir. 2012)). "And," the *Bullard* court further reasoned, the Sixth Circuit has "repeatedly held that counsel is not ineffective for failing to predict developments in the law." *Id*. (quoting *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018)).

Defendant nevertheless argues that, even before *Havis*, Supreme Court and Sixth Circuit precedent established that guideline commentary could not expand the clear language of the guidelines themselves. Yet, despite this precedent, the Sixth Circuit still held in *Bullard* that counsel was not ineffective in failing to

5

challenge the defendant's career offender designation. This Court must follow *Bullard*.

In any event, prior precedent did not find the inclusion of attempt crimes within the definition of controlled substance offenses inconsistent with the plain text of the offender guideline. Instead, that precedent held only that the commentary could not expand the text itself. *See, e.g., Stinson v. United States*, 508 U.S. 36, 38, 45 (1993) (explaining that the commentary to the guidelines is afforded "'controlling weight' unless it is plainly erroneous or inconsistent with the" guideline itself). Before *Havis*, the Sixth Circuit found the inclusion of attempt crimes not inconsistent with the guideline text. *See United States v. Evans*, 699 F.3d 858, 866-67 (6th Cir. 2012). Stated differently, the court found that the definition of "controlled substance offence" included attempts. *Id*. It was only in *Havis*—and notably only on en banc review—that the Sixth Circuit reversed course and held otherwise.

Defendant signed the Rule 11 Plea Agreement, entered his guilty plea, and was sentenced before the Sixth Circuit decided *Havis*. Counsel's performance, therefore, was not deficient due to the failure to challenge Defendant's career offender designation based on the holding in *Havis*. Defendant's ineffectiveness claim fails under the first prong. While Defendant's failure to satisfy the first

6

prong is fatal to his overall ineffective assistance of counsel claim, the Court briefly addresses the second prong.

To satisfy this second prong, Defendant must demonstrate that his counsel's alleged error prejudiced his case. *Bullard*, 937 F.3d at 661 (citing *Monea*, 477 U.S. at 381). Courts often deny ineffective assistance claims on this prong, alone, because "proving prejudice is not easy." *Id.* (quoting *Monea*, 914 F.3d at 419) (brackets removed). "Defendants face a high burden in demonstrating that there is a reasonable probably that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (cleaned up). Under the circumstances of this case, Defendant does not meet this high burden.

As described earlier, in exchange for Defendant's plea of guilt and agreement to a sentence within the guideline range (with the career-offender designation), the United States agreed to not bring charges against Defendant based on the alleged November 2016 distribution of heroin and fentanyl or to file a penalty enhancement based on the purchaser's resulting death. Defendant faced a significantly higher sentence—up to life—if the United States brought those additional charges and filed a penalty enhancement. Defendant cannot show that the United States would have waived these other charges and penalty enhancement in exchange for a sentence without the career-offender designation (i.e., between 10 to 16 months). In fact, the Court finds it unlikely the United States would have

7

agreed to this much lower sentence, particularly given its request to impose a sentence at the top of the guideline range *with* the career offender designation. (*See* ECF No. 24 at PageID. 115.) Counsel's failure to challenge the guideline's career offender designation, therefore, did not cause Defendant prejudice. *See Nagi v. United States*, 90 F.3d 130, 135-36 (6th Cir. 1996) (concluding that defense counsel's failure to challenge the version of the guidelines used to calculate defendant's sentence, which resulted in a sentence 69 months higher than the maximum allowable under the correct version of the guidelines, did not cause the defendant prejudice as the government would not have entered into a plea agreement had the defendant insisted on the lower sentencing range).

      Moreover, although Defendant's counsel did not directly challenge the career offender designation, he argued forcefully that the designation inflated his client's criminal history. (*Id.* at PageID. 122-24.) Counsel noted that Defendant has no prior crimes of violence and that his prior offenses, including the offense at issue, involved relatively small amounts of drugs. (*Id.*) This Court took these factors into consideration when sentencing Defendant below the guideline range. For these reasons, Defendant also does not satisfy the second prong of his ineffective assistance of counsel claim.

      Thus, the Court holds that Defendant is not entitled to habeas relief under § 2255. Defendant cannot appeal this decision unless he first obtains a certificate

of appealability under 28 U.S.C. § 2253.  *See* Fed. R. App. P. 22(b)(1).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires Defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) [his motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).  The court is satisfied that jurists of reason would not find its ruling debatable.  A certificate of appealability is therefore unwarranted in this case.

Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate sentence (ECF No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 7, 2024